# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**RONALD CHASE**                                                                                       **PLAINTIFF**
*Reg. #22984-078*

v.                              **CASE NO. 2:22-CV-00006-BSM**

**UNITED STATES OF AMERICA**                                                         **DEFENDANT**

## ORDER

This case was tried to the bench on September 30 and October 1, 2024. Having listened to the testimony and reviewed the exhibits introduced into evidence, verdict is entered for the United States and against Ronald Chase. Chase's complaint [Doc. No. 1] against the United States is therefore dismissed.

## I. FINDINGS OF FACT

Ronald Chase was an inmate at the Federal Correctional Complex in Forrest City, Arkansas, who was assigned living quarters in the Wynne Delta Unit. The Delta Unit was attached by hallway to the Wynne Charlie Unit, another living quarters. The hallway between the two units was accessible by two secure doors, one to the entrance to the Charlie Unit and one to the entrance to the Delta Unit. D'Aujanae Powell was a correctional officer at the prison who, on January 12, 2020, was patrolling both units.

While patrolling the Delta Unit, Powell saw Chase standing in an unauthorized area between the Charlie and Delta Units, motioning for Powell to open the door to let him into the Delta Unit. After seeing Chase reenter the Delta Unit, Powell walked to the Charlie Unit and was stopped by another inmate who told her that someone had stolen his radio. Powell

-
-

walked back to the Delta Unit, searched Chase's locker, and found the radio. When Powell took the radio to the inmate in the Charlie Unit, the inmate identified it as his radio and told Powell that the case to the radio was missing. Powell walked back to the Delta Unit, searched Chase's locker again, and recovered the radio cover.

While Powell was searching Chase's locker the second time, other inmates began to gather around and ask questions. The inmates were already on edge because their television privileges had been taken away because the prison had recovered contraband such as cell phones, drugs, and liquor in the Delta Unit. It appears the tension in the Delta Unit was at a boiling point because the inmates standing around asked Powell what was she going to do about Chase. Before leaving the Delta Unit, Powell told the inmates that the issue was resolved.

Once Powell left the Delta Unit to return the case to the inmate in the Charlie Unit, inmate Gary McCowin grabbed Chase from behind in a bear hug, picked him up, carried him to the exterior doors, and threw him outside. Chase landed on a concrete area and broke his neck. He was transported to the Regional Medical Center in Memphis for treatment.

## II. CONCLUSIONS OF LAW

The Federal Tort Claims Act permits lawsuits against the United States for personal injuries caused by the negligence of federal employees. *See* 28 U.S.C. § 1346(b)(1). To prevail, Chase must show that his injures were proximately caused by Powell's breach of her duty to keep him safe. *See Duran v. Sw. Ark. Elec. Coop. Corp.*, 537 S.W.3d 722, 726 (Ark. 2018); *Goodman v. United States*, 2 F.3d 291, 292 (8th Cir. 1993) (the forum state's

-

negligence law applies). The Bureau of Prisons is charged with the safekeeping and care of federal inmates. 18 U.S.C. § 4042(a). It has to exercise ordinary care in keeping prisoners safe, but it is not an insurer of prisoner safety. *See Jones v. Untied States*, 534 F.2d 53, 54 (5th Cir. 1976).

### III.  DETERMINATION

Although the United States had a duty to keep Chase safe, no statement or action of Powell proximately caused the injures Chase sustained at the hands of McCowin. Chase testified that Powell told the other inmates standing around during Powell's second search of his locker to "handle" Chase. This testimony is contradicted by the testimony of the third-party witness, McKinley Hunt, who testified that Powell did not say that. I believe Hunt. Notwithstanding this, I would rule in favor of Chase if I believed that Powell, with a wink and a nod, said or did something that led the other inmates to believe that it was okay for them to attack Chase. The evidence simply does not persuade me that this is the case.

IT IS SO ORDERED this 4th day of October, 2024.

_____
UNITED STATES DISTRICT JUDGE